WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Andrew John Gonzalez, | ) | CIV 16-1785-PHX-NVW (MHB) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT COURT:

On June 6, 2016, Petitioner Andrew John Gonzalez, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 8), but Petitioner has not filed a reply despite having the opportunity to do so.

## BACKGROUND[1]

On June 24, 2010, Petitioner was indicted on attempted second-degree murder, two counts of armed robbery, conspiracy to commit armed robbery, two counts of aggravated assault, and misconduct involving weapons. (Exh. A.) On November 23, 2010, the jury found Petitioner guilty on all counts, and on January 21, 2011, the trial court sentenced Petitioner

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 8 – Respondents' Answer.

to 35.75 years. (Exhs. B, C.) The Arizona Court of Appeals found that the following facts supported Petitioner's convictions and sentences:

> On July 11, 2009, defendant and another individual, Carlos Robles, were picked up by Daniel Gutierrez, T.K. and E.S. Gutierrez was driving a Chevy Silverado pickup truck which belonged to T.K. Robles suggested that the men "jack" two men whom he thought were cocaine dealers. Gutierrez drove the men to the area of 27th Drive and Pierce in Phoenix, where they located the victims' vehicle, a white SUV, which was parked in an alley.
>
> After the men stopped and observed the SUV, Gutierrez drove up to the SUV and blocked it in the alley. Defendant and Robles exited the truck and shot at the victims, both of whom were hit. One of the shooters took a black shaving bag from inside the SUV. Defendant and Robles got back into the truck and the five men fled the scene.
>
> Shortly thereafter, police observed the truck proceeding northbound on 35th Avenue and initiated a stop. Defendant jumped out of the bed of the truck and fled on foot. Defendant was later apprehended while hiding behind a garbage can at a nearby school. Two witnesses, Maria C. and Jeremy S., were brought to a restaurant parking lot near 35th Avenue and McDowell, where they identified T.K.'s truck. Additionally, Maria C. identified defendant and Jeremy S. identified Gutierrez.
>
> Police found the nine millimeter semi-automatic handgun used by defendant in the bed of the truck. They found six nine millimeter cartridge casings that been fired by the gun at the scene of the shooting. Police also found a shotgun, a pistol, and the black shaving bag in the truck. Defendant admitted that he had been in T.K.'s truck and fled from police. Defendant stipulated that he had a prior felony conviction and was a prohibited possessor at the time of the shooting.
>
> After a jury trial, defendant was convicted as charged. The trial court sentenced defendant to an aggravated term of 20 years in prison on count one; presumptive terms of 15.75 years on counts two, three, and four; presumptive terms of 11.25 years on counts five and six, and the presumptive term of 10 years on count seven. The court ordered defendant to serve the sentence for count three consecutive to the other six counts and the remaining counts to be served concurrently. The trial court gave defendant credit for 558 days of presentence incarceration.

State v. Gonzalez, 2012 WL 2795473, at *1, ¶¶ 2-6 (Ariz. Ct. App. July 3, 2012) (footnote omitted); (Exh. D.)

On December 14, 2011, Petitioner filed his opening brief on direct appeal with the Arizona Court of Appeals, raising two issues:

> (1) Whether there was sufficient evidence to sustain a conviction against [Petitioner] for Attempted Murder, Aggravated Assault, Armed Robbery, Conspiracy to Commit Armed Robbery, and Misconduct Involving Weapons[;]

> (2) Whether the Trial Court Abused Its Discretion by Failing to Grant a Mistrial and or by Refusing to Allow Defense Counsel to question witness Edwin Ramos concerning his Prior Convictions where insufficient evidence was disclosed by the Prosecution to Establish the Relevancy of these Priors[.]

(Exh. E.) The State filed its answering brief on March 28, 2012, and on July 3, 2012, the Arizona Court of Appeals issued its memorandum decision, affirming Petitioner's convictions and sentences. (Exhs. D, E, F.)

On December 14, 2012, Petitioner filed a petition for review to the Arizona Supreme Court. (Exh. H.) On April 29, 2013, the Arizona Supreme Court summarily denied review. (Exh. J.)

On July 8, 2013, Petitioner filed an untimely PCR notice. (Exh. K). However, on July 29, 2013 the state court allowed the proceedings to move forward, based upon: (1) Petitioner's claim that he believed his appellate attorney would file a timely PCR notice; and (2) the Court's finding that Petitioner "took prompt action in notifying the court and pursuing relief." (Exhs. L, M.) Subsequently, PCR counsel notified the court that he has been unable to discern "any viable issues," and on April 25, 2014, the court granted Petitioner leave to file a pro per petition, and ordered PCR counsel to "remain in an advisory capacity." (Exhs. N, O.) Petitioner subsequently filed a letter, as well as a "Notice of Post-Conviction Relief," which the court construed jointly as a PCR petition. (Exhs. P, Q, R.) On January 28, 2015, the State filed a response, and Petitioner filed a reply on February 12, 2015. (Exhs. S, T.)

On May 8, 2015, the court "identified" Petitioner's claims and dismissed Petitioner's petition, stating:

> The issues identified in the petition, and the reasons those issues will not lead to relief, are as follows:
>
> • The Court of Appeals would almost certainly have made the same ruling [on direct appeal] on [Petitioner's] right to use Leon Rae's prior conviction for impeachment as it did on the similar argument about the use Edwin Ramos's prior conviction.
>
> • Whether Timothy Kyker was credible, and whether the State investigated the fingerprint evidence thoroughly enough, were fact issues for the jury to decide. The only question of law for judges to decide is whether the evidence was sufficient for a reasonable jury to find guilty beyond a reasonable doubt. The Court of Appeals decided that issue in favor of the State.

- 3 -

- A motion to sever the defendants' trials would not have been successful. The defendants did not present antagonistic defenses; and there was no important evidence that was inadmissible against [Petitioner] but not the other defendants. One defendant's opposition to another's continuance request, by itself, is not grounds for a severance.

- Even assuming everything [Petitioner] says about his lawyer's failure to explain the plea offer is true, that failure would not be a basis for post-conviction relief because it is undisputed that the State withdrew the plea offer, dismissed the charges without prejudice and re-filed with additional charges.

- The State had discretion to dismiss and re-file regardless of when it learned of the severity of the victim's injuries. [Petitioner] speculates that the State acted vindictively, but he does not identify what the State's ulterior motive might have been or explain what facts he thinks further investigation would uncover. He likewise does not say how the delay resulting from the re-indictment might have prejudiced his ability to defend himself.

- Though the Court is not convinced that the State can avoid Rule 15.8 simply by dismissing and refiling after a plea offer has been extended, [Petitioner] here would not have been entitled to Rule 15.8 sanctions in any event. At the time of the pretrial proceedings and the trial in this case, Rule 15.8 covered plea offers that lapsed because of the expiration of a plea deadline, but not those that were withdrawn by the State before [Petitioner] had accepted them. See Rivera-Longoria v. Slayton, 228 Ariz. 156, 264 P.3d 856 (2011). The current version of the rule, which applies whenever an offer "expires or is withdrawn," did not take effect until 2014.

- A defendant does not have standing to question whether the police questioning of a minor witness violated the minor's rights as opposed to the defendant's.

(Exh. U at 2-3.)

Petitioner did not seek review by the Arizona Court of Appeals from the denial of his PCR proceedings.

In his habeas petition, Petitioner raises three grounds for relief. In Ground One, he alleges that he received ineffective assistance of counsel because his trial attorney failed to explain the terms of a plea offer prior to its expiration. In Ground Two, Petitioner alleges that his Sixth Amendment rights were violated by the state's pre-indictment delay. In Ground Three, Petitioner argues that two of his sentences were unlawfully ordered to run consecutively.

- 4 -

## DISCUSSION

In their Answer, Respondents contends that Petitioner's habeas petition is untimely and must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th

1  Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction
2  relief is filed even though the petition is not filed until later. See Isley v. Arizona Department
3  of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
4  is also pending during the intervals between a lower court decision and a review by a higher
5  court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536
6  U.S. 214, 223 (2002)). However, the time between a first and second application for post-
7  conviction relief is not tolled because no application is "pending" during that period. See
8  Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner
9  was "not entitled to tolling during the interval between the completion of one round of state
10 collateral review and the commencement of a second round of review."). Moreover, filing
11 a new petition for post-conviction relief does not reinitiate a limitations period that ended
12 before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
13 2003).

14      The statute of limitations under AEDPA is subject to equitable tolling in appropriate
15 cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling
16 to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2)
17 that some extraordinary circumstances stood in his way'" and prevented him from filing a
18 timely petition. Id. at 648-49 (quoting Pace, 544 U.S. at 418).

19      The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. After
20 trial and sentencing, Petitioner appealed his convictions and sentences to the Arizona Court
21 of Appeals. The court of appeals affirmed Petitioner's convictions and sentences on July 3,
22 2012. Petitioner then filed a petition for review with the Arizona Supreme Court. The
23 Arizona Supreme Court denied review on April 29, 2013. Petitioner's convictions became
24 final 90 days later – on July 29, 2013 – when the time expired for filing a petition for writ
25 of *certiorari* in the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A) (providing
26 AEDPA statute of limitations begins "the date on which the judgment became final by the
27 conclusion of direct review or the expiration of the time for seeking such review"); Porter
28 v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought

1  in the state's highest court but no petition for *certiorari* to the United States Supreme Court
2  is filed, direct review is considered to be final when the *certiorari* petition would have been
3  due, which is 90 days after the decision of the state's highest court.").

4  However, before his convictions became final, Petitioner filed PCR notice. Because
5  the PCR notice was deemed properly filed, it started tolling AEDPA's 1-year statute of
6  limitation before it started to run. The PCR proceeding was "pending" and tolled AEDPA's
7  statute of limitations until May 8, 2015, when the trial court "identified" Petitioner's claims
8  and dismissed Petitioner's petition. Petitioner did not take any further action in this PCR
9  proceeding. Because nothing was pending after the trial court's decision, the statute of
10 limitations began running the next day – on May 9, 2015. See Hemmerle v. Schriro, 495 F.3d
11 1069, 1074 (9th Cir. 2007) (statute of limitations was tolled until date on which notice of
12 post-conviction relief was dismissed where no petition for review was filed). The limitations
13 period continued running uninterrupted for one year – until May 9, 2016 – when it expired.

14 In sum, Petitioner's habeas petition filed on June 6, 2016, almost one month after the
15 limitations period expired. The habeas petition is therefore untimely.

16 The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
17 tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
18 States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
19 grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
20 Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
21 make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,
22 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
23 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When
24 external forces, rather than a petitioner's lack of diligence, account for the failure to file a
25 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
26 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
27 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
28 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also

1 establish a "causal connection" between the extraordinary circumstance and his failure to file
2 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
3 2007).

4       Petitioner has not proffered any extraordinary circumstance that would justify
5 equitable tolling or demonstrated that an external impediment hindered the diligent pursuit
6 of his rights. And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of
7 the law, or lack of representation during the applicable filing period do not constitute
8 extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448
9 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not,
10 by itself, an extraordinary circumstance warranting equitable tolling.").

11       Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is
12 untimely.

### CONCLUSION

14       Having determined that Petitioner's habeas petition is untimely, the Court will
15 recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and
16 dismissed with prejudice.

17       **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
18 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
19 **PREJUDICE**;

20       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
21 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
22 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
23 debatable.

24       This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment. The
27 parties shall have fourteen days from the date of service of a copy of this recommendation
28 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);

Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of October, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge