IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew John Gonzalez, | No. CV-16-01785-PHX-NVW |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 9) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 8 (citing 28 U.S.C. § 636(b)(1)). Petitioner filed objections on October 31, 2016 (Doc. 10); Respondent filed Responses to Objections on November 3, 2016 (Doc. 11); and Petitioner filed a Reply to the Response on November 16, 2016 (Doc. 12).

The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the

meaning of Rule 72(b), Federal Rules of Civil Procedure, and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

Based on the Petition and other briefing before her, the Magistrate Judge correctly concluded that the Petition was untimely under the one-year statute of limitations of 28 U.S.C. § 2244(d)(1) and that no basis for equitable tolling had been presented. Petitioner could have presented such a basis in his reply, but he filed no reply.

Petitioner's Objection (Doc. 10) asserted for the first time that on May 4, 2016, he requested withdrawal of postage money and the $5 filing from his prisoner account so he could mail his Petition on May 5, 2016, before the May 9, 2016 deadline. He says they did not withdraw the money until June 2, 2016. He attaches documents that substantiate his assertion.

Respondent contends that Petitioner waived this new ground for equitable tolling by not raising it until his Objection after the Magistrate Judge's Report and Recommendation. Respondent relies on case law about appellate procedure generally and the consequence of failure to raise or brief issues in a timely fashion. That may be the procedure in appeals, but it is not the procedure upon objection to a Magistrate Judge's Report and Recommendation. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (quoting *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). The district court must make a decision whether to consider newly offered evidence and "must actually exercise its discretion, rather than summarily accepting or denying the motion." *Brown*, 279 F.3d at 744 (quoting *Howell*, 231 F.3d at 621-22).

The Court exercises its discretion to consider the new evidence first offered in the Objections and finds equitable tolling based on that evidence, for the following reasons. First, the documentary proof of Petitioner's timely request is uncontested. Second, it

1  would not be apparent to an unrepresented person that equitable tolling needed to be
2  addressed in the Petition itself.  It should have been apparent after the Respondent's
3  Answer that Petitioner's case could turn on equitable tolling, but it still requires some
4  degree of technical sophistication to realize it should be addressed in a reply.  Respondent
5  counters that Petitioner should have requested funds for postage and the filing fee even
6  earlier.  But Respondent did request the funds in time to properly file/mail his petition.
7  He had no control over the prison officials' failure to supply the funds for four weeks.
8  Respondent is not unfairly prejudiced by equitable tolling.  The Court therefore finds that
9  the one-year statute of limitations of 28 U.S.C. § 2244(d)(1) is equitably tolled and the
10 Petition is timely.

11    IT IS THEREFORE ORDERED that the Report and Recommendation of the
12 Magistrate Judge (Doc. 9) is rejected.

13    IT IS FURTHER ORDERED that the Petition is referred again to Magistrate
14 Judge Michelle Burns for a further Report and Recommendation on the merits of the
15 Petition.

16    Dated this 30th day of November, 2016.

Neil V. Wake
Senior United States District Judge

- 3 -