IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew John Gonzalez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-01785-PHX-NVW (MHB)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 17) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 25 (citing 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure). Petitioner filed objections on July 6, 2017 (Doc. 18) and a supplemental objection on July 27, 2017 (Doc. 20).

The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the

meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

Petitioner's objections (Doc. 18) to the R&R improperly attempt to raise new claims. The first is the "corruption in the Superior Court(s) of Arizona, systematically[] sentencing manipulation of all sentences since 1994 is implicated [sic]." (Doc.18 at 1.) Petitioner never explains what "sentencing manipulation" is, much less how it is implicated in "all sentences since 1994" or in his own sentence. The claim is unintelligible.

The second claim is that his counsel was ineffective in failing to raise "the possibility of traumatic brain injury" as "a mitigating factor." (*Id.* at 2-3.) Petitioner says he suffered a "gunshot wound above my left eyebrow" which "defense counsel, Court and prosecutor recklessly disregarded." He does not say he ever informed his attorney of this or how it could affected his defense or his sentence. He just says he was recently informed by a jailhouse psychologist "that I may be able to claim disability rights per the Americans with Disabilities Act." (Doc. 20 at 2.) He does not assert any actual impairment or that it would be a mitigating factor or that it would be connected to any issue in his habeas corpus petition.

Petitioner does not move for leave to amend his petition post-R&R to raise these new claims and no justification is given for an amendment. Even assuming he sought such leave, it would be denied. Petitioner had ample opportunity to present such claims as he had and wished to present. The new claims probably do not relate back to the time of filing of the original petition so as to satisfy the one-year limitation of AEDPA. The new claims would be procedurally barred because they were not exhausted in state appellate or post-conviction proceedings. Again, Petitioner does not assert any brain injury in fact or that it could excuse any procedural default of any colorable claim.

- 2 -

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. 17) is accepted.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

A request for a certificate of appealability and leave to proceed *in forma pauperis* on appeal is denied because appellant has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Date: October 26, 2017.

_____
Neil V. Wake
Senior United States District Judge